JOHNSON, Respondent, vs. WAUKESHA COUNTY, Appellant.

64 281
52 LRA 868

*September 28 — October 13, 1885.*

*(1) Criminal law: Vagrancy: " Tramps:" Jurisdiction of J. P. (2) Conspiracy of officers to enhance fees by ignoring " tramp law." (3) Constitutional law: Unusual punishment: Jurisdiction of county courts: Juries.*

1. If upon the trial of a person before a justice of the peace for vagrancy under sec. 1543, R. S., the evidence shows that the accused is probably guilty of being a " tramp " within the meaning of ch. 342, Laws of 1883, it is in the discretion of the justice whether he will proceed with the trial or bind the accused over to answer to the court having jurisdiction of the greater offense.
2. The evidence in this case is *held* insufficient to show a conspiracy between a village marshal and justices of the peace to enhance their fees by ignoring ch. 342, Laws of 1883, and proceeding against all " tramps " under the general vagrancy law. Whether such a conspiracy would constitute a defense to an action by the marshal against the county for his services in such cases, is not determined.
3. The constitutionality of ch. 342, Laws of 1883, known as the "Tramp Law," considered but not determined.

APPEAL from the Circuit Court for *Waukesha* County.

The facts are stated in the opinion. At the close of the trial in the circuit court the jury were directed to find in favor of the plaintiff. From the judgment entered upon the verdict so rendered, the defendant appealed.

For the appellant there were briefs by *W. H. Thomas,* attorney, and *Hurlbut & Robinson,* of counsel, and oral argument by *Mr. Robinson.* They contended, *inter alia,* that ch. 342, Laws of 1883, being applicable to a class of cases which is included in the general vagrancy act (sec. 1543, R. S.), supersedes that general act so far as the new and more specific provisions go. *Crane v. Reeder,* 22 Mich. 322; *Isham v. B. I. Co.* 19 Vt. 230; *Pease v. Whitney,* 5 Mass. 380; *People v. Van Nort,* 64 Barb. 205; *Union Iron Co. v. Pierce,* 4 Biss. 327; *Grant Co. v. Sels,* 5 Oreg. 243;

*Hurst v. Hawn,* id. 275; *State v. Jersey City,* 40 N. J. Law, 257; *State v. Smith,* 44 Tex. 443; R. S. sec. 4972, subd. 14; R. S. 1858, ch. 191, sec. 11; *Mead v. Bagnall,* 15 Wis. 160; *Pelt v. Pelt,* 19 id. 196; *State v. Goetze,* 22 id. 365; *State v. Campbell,* 44 id. 533. Therefore a person who falls within the definition of a vagrant, but has also the attributes which make him a "tramp," must be dealt with under the law of 1883, and a justice of the peace has no jurisdiction to try such cases. If the justices had no jurisdiction the respondent had no legal right to perform the services in question and cannot recover compensation therefor. *Meagher v. County of Storey,* 5 Nev. 244; *State v. Hoboken,* 42 N. J. Law, 377; *Wragg v. Swart,* 10 Johns. 93. Respondent's claim being founded upon the several judgments of the justices, it was proper to inquire into their jurisdiction. *Bank v. Judson,* 8 N. Y. 259; *Craig v. Town of Andes,* 93 id. 405; *Kamp v. Kamp,* 59 id. 212; *Wrightman v. Karsner,* 20 Ala. 446. And such jurisdiction being questioned, the respondent, in order to maintain his action, must prove the facts giving jurisdiction.

For the respondent there was a brief by *E. W. Chafin,* attorney, and *Warham Parks,* of counsel, and oral argument by *Mr. Parks.* To the point that an officer may serve process regular on its face, whether the court has jurisdiction or not, and that in this case it was sufficient that the justice issued his warrant, that it was fair on its face, and that the respondent performed his duties as an officer under it, they cited Cooley on Torts, 549; *State v. Weed,* 21 N. H. 262; *Savacool v. Boughton,* 21 Am. Dec. 181, and note; *Davis v. Wilson,* 65 Ill. 525; *McLean v. Cook,* 23 Wis. 364; *Underwood v. Robinson,* 106 Mass. 296; *Sprague v. Burchard,* 1 Wis. 464; *Warner v. Shed,* 10 Johns. 138; *Earl v. Camp,* 16 Wend. 562; *Horton v. Hendershot,* 1 Hill, 118; *Noble v. Holmes,* 5 id. 194; *Deyo v. Van Valkenburg,* 5 id. 242; *Cornell v. Barnes,* 7 id. 35; *Van Etten v. Hurst,* 6 id.

311. A new and affirmative statute does not repeal an existing statute upon the same subject, unless the two are clearly repugnant and cannot stand together. *Att'y Gen. ex. rel. Taylor v. Brown,* 1 Wis. 513; *Janesville v. Markoe,* 18 id. 350; *Goodrich v. Milwaukee,* 24 id. 437–8; *Snell v. Bridgewater Mfg. Co.* 24 Pick. 296; *Goddard v. Boston,* 20 id. 407–410; *Bowen v. Lease,* 5 Hill, 221; *McCartee v. Orphan Asylum,* 9 Cow. 437; *S. C.* 18 Am. Dec. 542, and note.

TAYLOR, J. The respondent presented a claim to the board of supervisors of the appellant county for services as marshal of the village of Waukesha, in said county, for serving process and other services in twenty-eight criminal actions, all of which were tried by a justice of the peace of said village or of the town of Waukesha. The charge against the defendant in each case was vagrancy, and they were all actions under sec. 1543, R. S. 1878. The claim of the respondent was disallowed by the board of supervisors, and he appealed from the order of the board disallowing the claim to the circuit court of the county of Waukesha.

Before the trial in that court the county filed an answer to the claim of the respondent. The answer sets out at considerable length that all the actions in which the services were performed, and for which services the respondent presented his claim to the board of supervisors, were actions brought under the provisions of said sec. 1543, R. S.

The answer further alleges that the complaint in each of the said cases was made by the respondent, and that at the time of making said complaints he knew that the persons proceeded against as vagrants under said sec. 1543 were not actual inhabitants of either the town or the village of Waukesha, and that they were a class of vagrants which the statute defines as "tramps;" that, being "tramps," a justice of the peace had no jurisdiction to issue a warrant

either for their arrest or trial; and that such complaints so made by the respondent were false, and were made for the purpose of founding thereon claims for services against the county under color of law when no right to perform such services existed.

The answer further charges that when the respondent made the several complaints in said actions, he knew that the persons proceeded against were not actual inhabitants of the town or village of Waukesha; and that he fraudulently, and with intent to cheat said county out of the amount of his said several bills for services, entered said complaints under said sec. 1543, R. S., instead of under ch. 342, Laws of 1883, which chapter governed the proceedings against that class of persons to which the parties complained of belonged.

The answer futher charges an unlawful conspiracy between the respondent and the several justices of the peace whose names appear in said complaints, in substance that they would ignore entirely the provisions of ch. 342, Laws of 1883, and proceed against all vagrants found in said town or village of Waukesha as though said ch. 342, Laws of 1883, had not been enacted; that this conspiracy was entered into for the purpose of unlawfully increasing the emoluments of their respective offices; and that, in pursuance of this conspiracy, the respondent arrested all "tramps" found within said town or village under the provisions of said sec. 1543, R. S., without stating in the complaint any facts which would take the case out of the provisions of said section, and bring them within the provisions of ch. 342, Laws of 1883, and so oust the said justices of any jurisdiction to arrest or try the persons so complained of.

It is not claimed by either party upon this appeal that sec. 1543, R. S., is repealed, but on the part of the appellant it is claimed that by virtue of ch. 188, Laws of 1879, ch. 342, Laws of 1883, and ch. 333, Laws of 1885, certain per-

sons who are vagrants within the provisions of said sec. 1543 may also be " tramps," within the law above referred to, and that when they are not only vagrants, but also "tramps," within the meaning of the statutes above cited, then the officers of the law have no authority to proceed against them as mere vagrants on complaint before a justice of the peace, but they must proceed by complaint before the officers mentioned in said chapters, and in no other way; that to proceed against them in a justice's court for the mere offense of vagrancy is an unlawful evasion of the law, and an officer who makes a complaint against such person for vagrancy before a justice of the peace, with knowledge that such vagrant is also a " tramp," as defined by the law, does an unlawful act, and ought not to be permitted to recover for his services for serving process or performing any other service in such action.

Ch. 188, Laws of 1879, was probably repealed by implication by the enactment of ch. 342, Laws of 1883; and ch. 333, Laws of 1885, simply amends sec. 4, ch. 342, Laws of 1883, by giving police justices of incorporated villages power to issue process for the arrest of "tramps," and take their examination and hold to bail or commit for trial. Sec. 1, ch. 342, Laws of 1883, makes every male person over sixteen years old, who is a vagrant within the meaning of sec. 1543, R. S., a "tramp," if he be without visible means of support and be found and arrested in any town, city, or village of this state, in which he is not at the time an actual inhabitant; or if any male vagrant, within the meaning of said sec. 1543, over sixteen years old, be found drunk and disorderly, whether he be an inhabitant or not of the town, city, or village in which he is arrested, he is also made a "tramp" by this act. On conviction of being a "tramp" the act provides that he shall be punished by imprisonment in the county jail not less than fifteen days, during which imprisonment his food and daily drink shall be bread and

water only, or by imprisonment in the state's prison not exceeding one year; except that in counties having work-houses, commitment may be made to such work-house in the discretion of the court. All jurisdiction to issue warrants for the arrest of "tramps," or to take their examination, or hold them to bail for trial, or to try them, is taken away from the justices of the peace. The power to try such offense is conferred upon the several county courts, municipal courts, and circuit courts of the state, and by the amendment of 1885 the power to apprehend and take the examinations of such offenders is conferred upon the police justices of the incorporated villages of the state.

It will be seen by an examination of these statutes that sec. 1543, R. S., is not repealed by the act of 1883 as amended by the act of 1885, and there is no doubt, therefore, of the power of a justice of the peace to issue his warrant for the arrest of a person upon a complaint showing that he is a vagrant within the meaning of sec. 1543, R. S.; nor of his power to try the person arrested upon such complaint, and, if found guilty, to sentence him to confinement in the county jail not exceeding ninety days. See secs. 1546, 4739, 4759, R. S.

If upon such trial the evidence should show that the accused was probably guilty of being a "tramp" as well as a vagrant, the justice might, if he thought the defendant ought to be put upon his trial for the higher offense of being a "tramp," stop his proceedings and bind him over, or commit him to jail to answer to the court having jurisdiction to try him for such offense. Sec. 4678, R. S. The statute seems to leave it to the discretion of the justice whether he will proceed with the trial or stop proceedings and bind him over to answer to the court having jurisdiction of the higher offense. The question whether he will proceed with the trial or bind him over to stand trial for the higher offense is wholly addressed to the discretion of the

justice, and I know of no way in which any other court could interfere to compel the justice to suspend the trial and hold the accused to bail for the higher offense.

The learned counsel for the county seems to have comprehended the difficulty of defending against the claim of the plaintiff, because he could not but admit that the justice had jurisdiction to try all the cases upon the complaints made before him, and that, therefore, the services of the marshal in the several cases would be legal charges against the county; and in order to avoid this conclusion, he set up, in the answer of the county, an unlawful conspiracy between the marshal and the justices of the peace of the village and town to enhance their official emoluments, and make unlawful bills for services against the county, by prosecuting the persons complained of for the lesser offense of vagrancy, in the justice's court, with full knowledge that such persons were guilty of being " tramps," under the provisions of said ch. 342, Laws of 1883, of which offense the justices had no jurisdiction. While we are not satisfied that the expense to the county would have been any less had the marshal proceeded against the accused under ch. 342, Laws of 1883, and are inclined to think the expenses in that case would have been greatly enhanced, we do not determine the question whether the county could defend against the claims of the marshal, as well as those of the justices, if it had been satisfactorily proven that there had been such a conspiracy as charged in the answer.

We think the learned circuit judge was right in stating to the jury that there was not sufficient evidence in the case to sustain such charge, and the question of a fraudulent conspiracy to accumulate unlawful bills against the county being out of the case, the respondent was entitled to recover for his services against the county.

The evidence on the trial shows that the officers in Waukesha county who were charged with the duty of enforcing,

the tramp law of 1883 had such grave doubts as to its constitutionality, and the policy of enforcing it, that they refused to act under it, and in consequence of such refusal, proceedings were commenced against the persons named in the several actions as vagrants, when it was probably known, both by the marshal and the justices who tried the cases, that at least a portion of them might have been properly tried for the higher offense of being a "tramp" instead of a common vagrant. The fact that the officers charged with the execution of the tramp law refused to execute it was a sufficient justification to the marshal and the justices to prosecute these men as vagrants, rather than permit them to escape all punishment.

In the view we have taken of this case it becomes unnecessary to determine whether the act of 1883, known as the "Tramp Law," is constitutional or not. We are constrained to say, however, that a law which makes a misdemeanor, punishable as offenses of that kind are ordinarily punished, a felony if the person guilty of the misdemeanor steps beyond the line of the town, city, or village of which he is an inhabitant, for any purpose, and inflicts punishment by imprisonment in the state prison, or, if imprisoned in the county jail, restricts his diet to bread and water only, is a harsh restriction upon the right of even a vagrant to travel beyond the limits of the place of his actual residence; and it is not certain, by any means, that the punishment by imprisonment in the county jail for fifteen days, upon a diet of bread and water alone, is not a violation of sec. 6 of article I of the constitution of this state, which prohibits the infliction of "cruel and unusual punishments." The punishment is certainly unusual, if not cruel. The act is also subject to criticism for its attempt to confer upon the several county courts of the state, which have only probate jurisdiction, the power to try persons charged with this peculiar offense; such courts having no power to summon and im-

panel a jury for the trial of criminal actions as other courts having criminal jurisdiction, and as a consequence, in every trial of such action in the county court, the jury would necessarily be summoned by the sheriff upon his own selection from the county at large. Very much that was said by the late Chief Justice DIXON, in *Durkee v. Janesville*, 28 Wis. 464, would be equally applicable to the "tramp" law.

We do not think the constitutionality of the act is fairly before us in this case, and do not, therefore, decide that question.

*By the Court.*— The judgment of the circuit court is affirmed.